IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SANDRA G. ROSTAN                                                                                    PLAINTIFF

v.                                              Case No. 6:21-cv-06071

THE UNIVERSITY OF ARKANSAS; ROBERT D.
BLEDSOE; and REBECCA OHMAN                                                                 DEFENDANTS

**ORDER**

Before the Court is the Motion for Summary Judgment filed by Defendants the University of Arkansas, Robert Bledsoe and Rebecca Ohman (ECF No. 10). This Matter has been fully briefed and is now ready for consideration. (ECF Nos. 12, 12, 14, 15).

**I.    Background**

On April 30, 2021, Plaintiff Sandra Rostan, proceeding *pro se*, filed her complaint[1] alleging that Defendants the University of Arkansas, Robert Bledsoe and Rebecca Ohman violated the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Arkansas Whistle-Blower Act by subjecting her to unequal terms and conditions of employment, retaliation, and libel. (ECF No. 1). Plaintiff's complaint alleges that these events took place on or about June 10, 2020. *Id.*

At the time of filing her complaint, Plaintiff was fifty-five years old, and she alleged that she has the disabilities, or perceived disabilities, of diabetes, coronary artery disease, underactive thyroid disease and fibromyalgia. *Id.* Plaintiff began working for Defendant the University of Arkansas on or about August 3, 2007. *Id.* Prior to her leaving her employment, Plaintiff worked as an administrative assistant, a human resources liaison, and a fiscal analyst. *Id.* Plaintiff alleges that she was forced, by the Defendants, to retire from the workforce approximately fifteen years before her planned retirement age. As a result, Plaintiff

---

[1] The EEOC issued Plaintiff a right to sue letter on January 29, 2021. (ECF No. 1-1).

1

seeks an award for actual and punitive damages, wages until retirement age of $35,500.00 plus a 2% cost of living increase each year, and a 10% employer match to retirement for an additional $54,315.00. (*Id.* at 7). Plaintiff seeks a total award amount of $597,465.00. *Id.*

## II.     Standard of Review

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

When deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III.    Discussion

Defendants argue that they are entitled to summary judgment on each of Plaintiff's claims because the claims are barred by sovereign immunity. It is uncontested that Defendant the University of Arkansas is an instrumentality of the State of Arkansas and that the principles of sovereign immunity apply to it. *See Fryberger v. University of Arkansas*, 889 F.3d 471 (8th Cir. 2018). It is also uncontested that Plaintiff is

suing Defendants Bledsoe and Ohman in their official capacities.  (*See* ECF Nos. 1, 15).  Therefore, the principles of sovereign immunity apply to the official capacity claims brought against Defendants Bledsoe and Ohman.  *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Under the Eleventh Amendment and constitutional principles of sovereign immunity, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  "A State, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011).  While Defendants have not waived sovereign immunity, "Congress may require a waiver of state sovereign immunity as a condition for receiving federal funds." *Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000) (en banc) (citing *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999)).  However, "[a] State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Sossamon*, 563 U.S. at 285 (quoting *Pennhurst*, 465 U.S. at 99).

The Court notes that the relief sought in Plaintiff's complaint is purely monetary.  Plaintiff's complaint does also state, "Although the Plaintiff is no longer employed, the Defendants maltreatment of current employees continues. The only way to make a change is through example." (ECF No. 1 at 7). However, this statement does not appear to request any equitable relief.  "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus*, 197 F.3d at 955 (citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989)).  Viewing Plaintiff's complaint through this lens, it is clear that the claims brought under federal law against Defendants Bledsoe and Ohman must be dismissed.

The only remaining federal claims are those against Defendant the University of Arkansas.  The Eighth Circuit has held that States are immune from claims brought under the ADA and ADEA, unless the state has expressly waived immunity.  *Bunch v. University of Arkansas Board of Trustees,* 863 F.3d 1062, 1067 (8th Cir. 2017).  In addition, the Eighth Circuit has held, and the Supreme Court has agreed, that sovereign immunity bars claims for damages brought under the FMLA's self-care provisions. *Coleman v.*

3

*Ct. of Appeals of Maryland*, 566 U.S. 30, 33 (2012); *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam). Here, the State of Arkansas has not expressly waived immunity. Therefore, Plaintiff's claims brought under the ADA, ADEA and FMLA must be dismissed.

Finally, the Court is left to consider Plaintiff's state law claims. "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015) (quoting *In re Can. Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006)). Because the claims brought under federal law have been dismissed, the Plaintiff's state law claims are now dismissed for lack of subject matter jurisdiction.

**IV.** **Conclusion**

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 10) is **GRANTED**. Plaintiff's claims for damages under the ADA, ADEA and FMLA are **DISMISSED WITH PREJUDICE**. Plaintiff's claims brought under Arkansas law are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 2nd day of March 2022.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**